UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                           Plaintiff,

v.

CLARKSON AUTO ELECTRIC, INC.,
ANTHONY FRETTO,
MATTHEW LAVILLA,
GERALD FRETTO,
JAMES NOTO,
DANIEL STREFF,
THOMAS RANDALL,
DANIEL LAROCCO,
EDWARD HAWKINS,
DAVID DAILEY, and
RANDY VAN STEEN,

                           Defendants.

Case # 10-CR-6111-FPG

DECISION & ORDER

---

Before the Court for determination is a pretrial Motion to Sever ("Motion") (ECF No. 316) and Declaration in Support of Defendant's Motion to Sever ("Supporting Declaration") (ECF No. 316-1) filed by Defendant Randy Van Steen ("Van Steen") on May 8, 2014. Van Steen, who is charged with Conspiracy in violation of 18 U.S.C. §§ 1349 and Mail Fraud in violation of 18 U.S.C. §§ 1341 and 1342, respectively, Counts 1 and 2 of the instant twelve-count Indictment, seeks an order severing his trial from the trial of the remaining Defendants pursuant to Federal Rules of Criminal Procedure 8, 12 and 14 on the general ground that he will be severely prejudiced unless tried separately because the jurors will be unable to accurately assess the limited amount of evidence solely related to him due to the "spill-over" effect (*See United States v. Locascio*, 6 F.3d 924 (2d Cir. 1993)). *Id.* He also alleges, specifically, that he will be severely prejudiced because (1) at least at one time, a Government representative

considered him an innocent man and (2) there are two separate and distinct classes of defendants, "the Clarkson Defendants" and "the XEROX Defendants"; the Clarkson Defendants have different issues, theory of prosecution and defenses, and have engaged in a different path of litigation in which the XEROX Defendants have had no part, to wit: a *Monsanto* hearing, followed by an appeal of the hearing outcome to the U.S. Court of Appeals, Second Circuit, in which the Government prevailed. *Id.* The Government has filed the Government's Memorandum in Opposition to Defendant Van Steen's Motion for Severance ("Government's Opposition"), requesting that the Motion be denied because it is without a basis and lacks merit. ECF No. 325.

For the reasons set forth herein below, I am not persuaded that severance is warranted, and, therefore, deny the Motion in its entirety.

A review of the relevant procedural history of this case proves helpful. As part of his Omnibus Motions filed on December 8, 2011, Van Steen included a motion for severance premised upon the same general ground and the first specific ground set forth above. ECF No. 214-1. Regarding the grounds for severance, Van Steen contended before Magistrate Judge Marian W. Payson that certain unspecified evidence against the other Defendants would have a prejudicial "spillover effect" on him, and at an earlier time in the investigation, a Government representative, Agent Erin Stacer, stated in an affidavit ("Stacer Affidavit") that it did not appear that Van Steen was involved in the Clarkson Auto Electric scheme. ECF No. 110. Magistrate Judge Payson denied this motion without prejudice. ECF No. 223.

According to the Government, and as confirmed by Van Steen's Motion attachments at Ex. D-F (ECF No. 316-2), subsequent to the Magistrate Judge's denial of the earlier severance motion, government counsel sent a letter to Van Steen's attorney advising that (1) the Stacer Affidavit, solely relating to the issue of asset seizures and written early in the investigation, was

2

followed by grand jury's return of an indictment against him; and (2) government attorneys on three separate occasions met with Van Steen's attorney detailing the evidence against him. *Id.* Finally, addressing Van Steen's attorney's further inquiry, government attorneys advised the attorney by email that there was no exculpatory evidence relating to Van Steen. *Id.*

Upon review, Van Steen's present motion for severance echoes and renews the earlier arguments made to the Magistrate Judge and, notably, adds a second specific ground. He contends the delay caused in this case by the conduct of the Clarkson Defendants who, pursuant to *United States v. Monsanto*, 924 F.2d 1186 (2d Cir.) (en banc), *cert. denied*, 502 U.S. 943 (1991),[1] by way of a hearing, sought the release of seized banks accounts to pay for counsel and the production of materials relied on by a government witness at a hearing (ECF No. 164), and the significantly different nature of the Clarkson Defendants' issues, theory of prosecution and defenses, warrant severance.

In view of the relevant legal principles, neither basis offered by Van Steen is sufficient for severance in this case. His arguments lack merit.

To begin with, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. O'Connor*, 650 F.3d 839, 858 (2d Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Considering the vital role they play in the criminal justice system, joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts,'" *Zafiro v. United States*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209, 210, (1987)), and avoid "requiring victim and witnesses to repeat the inconvenience (and sometimes trauma) of testifying," *Richardson*, 481 U.S. at 210. *Id.* Where the charged crimes involve a common scheme or plan

---

[1] On February 25, 2014, the Supreme Court in *Kaley v. United States*, _U.S._, 134 S. Ct. 1090, held that defendants are not entitled to challenge a grand jury's probable cause determination at a pre-trial post-restraint hearing, thereby, abrogating *United States v. Monsanto*, 924 F.2d 1186 and several other cases.

3

as in this case, the presumption in favor of joint trials is particularly strong. *United States v. Girard*, 601 F.2d 69, 72 (2d Cir. 1979).

Rule 8(b) of the Federal Rules of Criminal Procedure permits joinder of two or more defendants in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). Initially, then, joinder of all Defendants in this case is proper under Rule 8, and Van Steen has not alleged either misjoinder of himself with the other Defendants or offenses.

Van Steen has alleged prejudicial joinder on the ground that if he is jointly tried with the other defendants, "the jury will be unable to accurately assess the limited amount of evidence related solely to him because of the inevitable 'spill-over' effect." (ECF No. 313-1). Pursuant to Fed. R. Crim. P. 14(a), the court may provide relief from prejudicial joinder in the form of severance, but does not require severance even if prejudice is shown. Fed. R. Crim. P. 14(a) ("If joinder of offense or defendants in an indictment ..., or consolidation for trial appears to prejudice a defendant, the court may ... sever the defendants' trials ...."); *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998) (citing *Zafiro v. United States*, 506 U.S. at 538-39).

Severance under Rule 14 should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence," such as in circumstances where "evidence inadmissible against one defendant but probative of guilt is admitted against a co-defendant, or if exculpatory evidence is excluded due to a co-defendant's presence." *Zafiro v. United States*, 506 U.S. at 539. Ultimately, the decision whether or not to sever a joint trial of federal defendants is

4

"committed to the sound discretion of the trial judge." *United States v. Diaz*, 176 F.3d 52, 102 (2d Cir. 1999) (citing *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989)).

Regarding prejudice due to proof disparity, the Second Circuit "has repeatedly recognized that joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *United States v. Locascio*, 6 F.3d at 947. (citations omitted). While, "spillover prejudice," *i.e.*, the volume of evidence to be introduced solely against the co-conspirators, can require severance, a defendant alleging such prejudice "bears the heavy burden." *Id.*

Here, Van Steen has not identified the evidence which would be presented at a joint trial but not at a separate trial conducted for him alone. He and ten other Defendants are charged with having various roles in the crimes alleged in Counts 1 and 2, and evidence of acts of the other co-conspirators would be admissible against him. "Evidence at the joint of alleged coconspirators that, because of the alleged conspiratorial nature of the illegal activity, would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial." *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993). Additionally, although he has in a conclusory manner stated that he would be prejudiced by the number of defendants present in the courtroom, the Second Circuit has "never recognized the need for severance based on the size of the trial." *United States v. Locascio*, 6 F.3d at 947.

It is true that in some circumstances, the number of defendants and complexity of the case may involve "some spillover and prejudice resulting when the conspiracy net is cast too wide, and draws in too many participants and too many hearsay statements." *See United States v. Bernstein*, 533 F.2d 775, 794 (2d Cir. 1976) (citing *Kotteakos v. United States*, 328 U.S. 750, 773-775 (1946) (Government impermissibly sought to string together for a common trial eight or more separate and distinct crimes, all conspiracies related in kind and involving nineteen

5

defendants, the sole nexus of which was the fact that one man participated in them all)). In *Kotteakos v. United States*, the Supreme Court found the "dangers for transference of guilt from one [defendant] to another across the line separating the conspiracies" was so great that prejudice to substantial rights was undeniably evident. *Kotteakos v. United States*, 328 U.S. at 774.

These circumstances are not present in this case, and Van Steen's situation is wholly distinguishable. Van Steen has failed to provide support for his arguments that stronger evidence may be presented at trial against the other co-conspirators, or that prejudice resulting from the "spillover effect" would prevent a fair trial.

Next, I find insufficient Van Steen's claim of prejudice due to delay stemming from alleged differing defenses, theories of prosecution and strategies of the Clarkson Defendants. Van Steen has articulated no harm suffered as a result of the appeal by the Clarkson Defendants. Nor has he specified any differing defenses, let alone, any antagonistic defenses demonstrating the existence of a "conflict [] so irreconcilable that acceptance of one defendant's defense requires that the testimony offered on behalf of a codefendant be disbelieved." *United States v. James*, 712 F.3d 79, 105 (2d Cir. 2013) (quoting *United States v. Benitez*, 920 F.2d 1080, 1085-86 (2d Cir. 1990)).

Furthermore, Van Steen's assertion that at one point early in the investigation he may have been considered an "innocent man" by Agent Stacer, is unavailing as a reason for severance in light of his indictment following Agent Stacer's further investigation which yielded no exculpatory evidence in his behalf. That the XEROX Defendants are charged only with conspiracy and mail fraud alleged in Counts 1 and 2, and the Clarkson Defendants are charged in all counts of the indictment, adds little to the argument for severance.

Without question, federal courts concerned about prejudice to defendants joined together in an indictment must seek to avoid prejudice at trial by those means available to it, including

providing cautionary or admonitory instructions to the jury carefully advising them to consider each defendant based only on the evidence adduced against him, including his own acts and statements, and marshalling the evidence. *See United States v. Kahaner*, 203 F. Supp. 78, 81 (S.D.N.Y. 1962); *United States v. Moten*, 264 F.2d 620, 628 (2d Cir. 1977). In this way, the trial court can ensure each defendant's right to a fair trial is protected and prejudice can be prevented. Severance, therefore, is not warranted as I have discerned no reasons to depart from the long-held tenet that an intelligent, conscientious jury will "apprais[e] the independent evidence against each defendant and met[e] out individual justice under the law." *See United States v. Bernstein*, 533 F.2d at 794 (citing *United States v. Stromberg*, 268 F.2d 256, 264-65 (2d Cir.), *cert denied*, 361 U.S. 863 (1959)).

Consequently, after reviewing all matters submitted, Van Steen's Motion to Sever, filed on May 8, 2014 (ECF No. 316), is hereby denied in its entirety.

IT IS SO ORDERED.

Dated: Rochester, New York
July 28, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge